O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARSEN GARIBYAN, | ) | Case No. CV 13-01772 DDP (JEMx) |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | ) ) | [Dkt. No. 10] |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA INC., BANK OF AMERICA, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

Presently before the court is Plaintiff Arsen Garibyan's Motion to Remand Action to State Court.  Plaintiff was terminated by his employer Defendant Bank of America, N.A., erroneously sued as Bank of America Corporation, Bank of America Inc., and Bank of America, on June 8, 2012.  On January 24, 2013, Plaintiff filed an action in California state court alleging wrongful termination under the California Fair Employment and Housing Act, codified in California Government Code §§ 12940 et seq.  On March 13, 2013, Defendant removed the case the federal court asserting that the court has diversity jurisdiction.

///

1       A defendant may remove to federal court "any civil action
2   brought in a State court of which the district courts of the United
3   States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).
4   District courts have original jurisdiction over "all civil actions
5   where the matter in controversy exceeds the sum or value of
6   $75,000, exclusive of interest and cost, and is between . . .
7   citizens of different states."  28 U.S.C. § 1332(a).  The removal
8   statute is strictly construed against removal jurisdiction, and
9   federal jurisdiction must be rejected if any doubt exists as to the
10  propriety of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
11  Cir. 1992).  A removing defendant bears the burden of establishing
12  that removal is proper.  Id.

13      "[I]n cases where a plaintiff's state court complaint does not
14  specify a particular amount of damages, the removing defendant
15  bears the burden of establishing, by a preponderance of the
16  evidence, that the amount in controversy exceeds" the required
17  amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir.
18  1996).  In other words, Defendant must "provide evidence
19  establishing that it is 'more likely than not' that the amount in
20  controversy exceeds that amount."  Id.

21      Defendant provides evidence that Plaintiff earned an average
22  of $624.24 per week.  (Oliva Decl. ¶ 4.) At the time of removal,
23  Plaintiff could claim back wages for 44 weeks, amounting to
24  $27,466.56.  Defendant also points out that Plaintiff is seeking
25  lost future earnings, damages for intentional infliction of
26  emotional distress, punitive damages, and attorney's fees.  The
27  court finds that the damages not deriving from back wages are
28  speculative and, given that back wages do not rise even to half the

2

$75,000 jurisdictional minimum, that Defendant has not shown that
it is more likely than not to meet the amount in controversy
requirement.

Because the court finds that Defendant has not met its burden
to show the amount in controversy requirement is met, the court
need not consider Plaintiff's arguments that Defendant has not
established diversity of citizenship. The court notes that
Defendant did not waive its right to remove the case to federal
court by filing an answer. Fed. R. Civ. P. 81(c)(2) (noting that
"[a]fter removal, repleading is unnecessary unless the court orders
it. A defendant who did not answer before removal must answer or
present other defenses or objections under these rules within the
longest of [certain time periods].") The court also notes that
after the notice of removal is filed, "the State court shall
proceed no further unless and until the case is remanded." 8
U.S.C. § 1447(e). Leaving aside the question of whether Plaintiff
fraudulently amended his Complaint in state court to add new
defendants who are California residents, the court finds that these
amendments have no impact on the Complaint once it has already been
removed to this court.

For the reasons stated above, the court GRANTS the Motion and
REMANDS the action to state court.


IT IS SO ORDERED.


Dated: May 1, 2013

DEAN D. PREGERSON
United States District Judge

3