O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARSEN GARIBYAN, | ) | Case No. CV 13-01772 DDP (JEMx) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | ) | [Dkt. No. 10] |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA INC., BANK OF AMERICA, | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff Arsen Garibyan's Motion to Remand Action to State Court. Plaintiff was terminated by his employer Defendant Bank of America, N.A., erroneously sued as Bank of America Corporation, Bank of America Inc., and Bank of America, on June 8, 2012. On January 24, 2013, Plaintiff filed an action in California state court alleging wrongful termination under the California Fair Employment and Housing Act, codified in California Government Code §§ 12940 et seq. On March 13, 2013, Defendant removed the case the federal court asserting that the court has diversity jurisdiction.

///

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant bears the burden of establishing that removal is proper. Id.

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the required amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996). In other words, Defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id.

Defendant provides evidence that Plaintiff earned an average of $624.24 per week. (Oliva Decl. ¶ 4.) At the time of removal, Plaintiff could claim back wages for 44 weeks, amounting to $27,466.56. Defendant also points out that Plaintiff is seeking lost future earnings, damages for intentional infliction of emotional distress, punitive damages, and attorney's fees. The court finds that the damages not deriving from back wages are speculative and, given that back wages do not rise even to half the

2

$75,000 jurisdictional minimum, that Defendant has not shown that it is more likely than not to meet the amount in controversy requirement.

Because the court finds that Defendant has not met its burden to show the amount in controversy requirement is met, the court need not consider Plaintiff's arguments that Defendant has not established diversity of citizenship. The court notes that Defendant did not waive its right to remove the case to federal court by filing an answer. Fed. R. Civ. P. 81(c)(2) (noting that "[a]fter removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of [certain time periods].") The court also notes that after the notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded." 8 U.S.C. § 1447(e). Leaving aside the question of whether Plaintiff fraudulently amended his Complaint in state court to add new defendants who are California residents, the court finds that these amendments have no impact on the Complaint once it has already been removed to this court.

For the reasons stated above, the court GRANTS the Motion and REMANDS the action to state court.

IT IS SO ORDERED.

Dated: May 1, 2013

DEAN D. PREGERSON
United States District Judge

3